FILED JUL 29'25 PM 3:52
MDGA-MAC
Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

Macon Division

|  |  |
|---|---|
| Eglesper Rucker | ) Case No. _____ |
| | ) (to be filled in by the Clerk's Office) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| Lumen Technologies, Inc., | ) |
| *Larry D. Smith Jr* *Howard* | ) |
| Lumen Technologies dba Level 3 *Belcher* | ) |
| *Cathy Hayes* *William Hoots* | ) |
| Howard Belcher | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

**A.     The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Eglesper Rucker |
| Street Address | 3815 Partridge Drive |
| City and County | Macon, Bibb |
| State and Zip Code | Georgia 31204 |
| Telephone Number | (770) 294-2220 |
| E-mail Address | eglesper@gmail.com |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Howard Belcher |
| Job or Title *(if known)* | Director of Field Operations |
| Street Address | unknown |
| City and County | Atlanta |
| State and Zip Code | GA |
| Telephone Number | |
| E-mail Address *(if known)* | Unknown |

Defendant No. 2

| | |
|---|---|
| Name | Larry "Dee" Smith Jr. |
| Job or Title *(if known)* | Manager Field Operations |
| Street Address | |
| City and County | Atlanta |
| State and Zip Code | Georgia |
| Telephone Number | |
| E-mail Address *(if known)* | unknown |

Defendant No. 3

| | |
|---|---|
| Name | William "Bill" Hoots |
| Job or Title *(if known)* | Lead Field Operations |
| Street Address | unknown |
| City and County | unknown |
| State and Zip Code | Atlanta |
| Telephone Number | |
| E-mail Address *(if known)* | unknown |

Defendant No. 4

| | |
|---|---|
| Name | Cathy Hayes |
| Job or Title *(if known)* | Manager Field of Operations |
| Street Address | Unknown |
| City and County | unknown |
| State and Zip Code | Unknown |
| Telephone Number | |
| E-mail Address *(if known)* | unknown |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 2000e racial discrimination, 29 U.S.C. § 2601 FMLA violation, 29 U.S.C. 201 TO 219 -- Fair Labor Standards Act violation time shaving.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* Eglesper Rucker                                        , is a citizen of the State of *(name)* Georgia                                        .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)* _____

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* Lumen Technologies dba Level 3 , is incorporated under

the laws of the State of *(name)* Goergia , and has its

principal place of business in the State of *(name)* Louisana .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
jury decision

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
see attachment

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

see attachment

see attachments

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            07/28/2025

Signature of Plaintiff

Printed Name of Plaintiff      Eglesper Rucker

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Eglesper Rucker,
Plaintiff,
v.
Lumen Technologies, Inc.,
Lumen Technologies dba Level 3
Howard Belcher
Larry Smith Jr
William Hoots
Cathy Hayes

Case No.:
JURY TRIAL DEMANDED

----

COMPLAINT FOR DAMAGES
Plaintiff Eglesper Rucker alleges against Lumen Technologies, Inc.,
Lumen Technologies dba Level 3
Howard Belcher
Larry Smith Jr
William Hoots
Cathy Hayes. as follows:

---

PARTIES
1. Plaintiff is an individual residing in Bibb County, Georgia.
2. Defendant is a Lumen corporation headquartered in Monroe, Louisiana, and operates a facility in Macon, Georgia. During the relevant period, Defendant employed at least 50 employees within 75 miles of its Macon facility, satisfying jurisdictional thresholds under the 42 U.S.C. § 2000e racial discrimination, 29 U.S.C. § 2601 FMLA violation, 29 U.S.C. 201 TO 219 -- Fair Labor Standards Act violation time shaving.

---

JURISDICTION AND VENUE
3. Jurisdiction is proper under:
- 28 U.S.C. § 1331 (federal question jurisdiction for FMLA, FLSA,  42 U.S.C. § 2000eand Title VII claims).
- 28 U.S.C. § 1367 (supplemental jurisdiction for Georgia state-law claims).

4. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b)(2) because the unlawful acts occurred in Macon, Georgia.

---

FACTUAL ALLEGATIONS
Employment Timeline
5. Plaintiff worked at Defendant's Macon, Georgia facility from [10/2022] to [9/4/2025] as a [Field Technician I].
6. Plaintiff worked over 1,250 hours in the 12 months preceding termination, qualifying for FMLA protections.

FMLA Violations
7. On and After 2/2/2023,  Plaintiff notified his Manager Larry Smith Jr of Lumen Technologies of a qualifying serious health condition (e.g., [Medical Condition]) requiring FMLA leave for short periods prior and during normal work hours.
8. Defendant unlawfully denied Plaintiff's leave request and terminated him on [9-4-2024] in retaliation for exercising FMLA rights. Strickland v. Water Works & Sewer Bd., 239 F.3d 1199 (11th Cir. 2001).

Racial Discrimination (Title VII)
9. Plaintiff, an African American individual, endured racially derogatory remarks from manager Larry Smith Jr, including "[I am a rogue for buying a pressure washer to lower the temperature for a data center in Albany, Ga approved by Manager Jason Forte on site through a phone call]".
10. Similarly situated non-Black employees received promotions and disciplinary actions for being in an unauthorized area when not clocked in . McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Retaliation
11. After Plaintiff filed a complaint with Howard Belcher & Cathy Hayes On 8/04/2024  regarding discrimination and unpaid wages, & time shaving, Defendant terminated me on [09/04/2024]. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

FLSA Unpaid Wages
12. Defendant failed to pay Plaintiff $ in overtime wages, despite Plaintiff working over 40 hours/week. Allen v. Bd. of Pub. Educ., 495 F.3d 1306 (11th Cir. 2007).
13. Defendant shaved my time starting around 2/2023 through 3/2024, I reported it after finding out about it on 8/4/2024.

Destruction of Evidence
14. Defendant's IT department in Monroe, Louisiana, deleted Plaintiff's work schedules, emails, and timekeeping records after receiving a litigation hold notice. Flury v. Daimler Chrysler Corp., 427 F.3d 939 (11th Cir. 2005).

---

CAUSES OF ACTION
COUNT I: FMLA INTERFERENCE & RETALIATION (29 U.S.C. § 2615)
- Defendant denied FMLA leave and terminated Plaintiff in retaliation. Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236 (11th Cir. 2010).

COUNT II: RACIAL DISCRIMINATION (TITLE VII, 42 U.S.C. § 2000e)
- Hostile work environment and disparate treatment. Reeves v. C.H. Robinson, 594 F.3d 798 (11th Cir. 2010).

COUNT III: FLSA VIOLATIONS (29 U.S.C. § 207)
- Willful failure to pay overtime. Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987).

COUNT IV: WRONGFUL TERMINATION (GEORGIA LAW)
- Retaliatory termination violates Georgia public policy. Georgia Power Co. v. Busbin, 242 Ga. 612 (1978).

COUNT V: RETALIATION (TITLE VII & FMLA)
- Termination for protected activity. Chapter 7 Trustee v. Gate Gourmet, 683 F.3d 1249 (11th Cir. 2012).

COUNT VI: SPOLIATION OF EVIDENCE
- Sanctions warranted under Fed. R. Civ. P. 37(e).

---

PRAYER FOR RELIEF
Plaintiff demands:
1. Compensatory Damages (lost wages, emotional distress).
2. Liquidated Damages (double unpaid wages under FLSA/FMLA).
3. Punitive Damages for racial discrimination.
4. Injunctive Relief (reinstatement, anti-discrimination training).
5. Attorney's Fees and Costs under 42 U.S.C. § 2000e-5(k).
6. Sanctions for spoliation of evidence.

---

JURY DEMAND
Plaintiff demands a jury trial on all claims.

---