IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EGLESPER RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-328 (MTT) |
| | ) |
| HOWARD BELCHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

On July 29, 2025, plaintiff Eglesper Rucker, proceeding pro se, filed his complaint. ECF 1. That same day, he filed his first motion to proceed *in forma pauperis* ("IFP"). ECF 2. In that motion to proceed IFP, Rucker reported that his monthly income is $11,095.46 a month. ECF 2 at 2. Thus, the Court denied Rucker's IFP motion and ordered him to pay the required filing fee. ECF 3. Rucker then moved for reconsideration and moved again to proceed IFP, explaining that he made an error in his financial affidavit. ECF 4; 5. Thus, the Court **GRANTS** Rucker's motion for reconsideration (ECF 4). For the reasons stated, Rucker's second motion to proceed IFP (ECF 5) is **GRANTED**. However, Rucker's complaint lacks important factual allegations that Rucker may have omitted because of his pro se status. Accordingly, the Court **ORDERS** Rucker to amend his complaint by **November 27, 2025**.

**I. DISCUSSION**

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

In his new affidavit, Rucker states he has been unemployed for the past twelve months and that he has no income. ECF 5 at 2. Rucker states that he has $38.67, and that his only other asset is his vehicle. ECF 5 at 2. Thus, the Court finds that Rucker is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (ECF 5) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Bey is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Rucker filed this action against his former employer, Lumen Technologies, Inc., and several members of Lumen's management. ECF 1. He asserts five claims: (1) Family and Medical Leave Act ("FMLA") interference and retaliation, (2) racial discrimination and hostile work environment under Title VII, (3) Fair Labor Standards Act ("FLSA") unpaid wages, (4) Wrongful termination under Georgia law, (5) retaliation under Title VII, and (6) spoilation of evidence. *Id.* at 6-8.

Many of Rucker's claims omit important information. For instance, in support of his Title VII claims, he alleges that only he endured racially derogatory remarks, citing one example of such remarks. *Id.* at 7. However, to sustain a claim for race discrimination under Title VII, the plaintiff must allege sufficient facts to demonstrate that he suffered some adverse employment action. *See Horace v. ARIA*, 2024 WL 1174398, at * 5 (11th Cir. March 19, 2024) (explaining that while the plaintiff need not plausibly allege a prima facie case of discrimination, he must allege enough facts to "plausibly suggest that the plaintiff suffered an adverse employment action due to intention racial discrimination.") (citation omitted)). Additionally, to state a claim for hostile work

---

light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

environment under Title VII, Rucker must plausibly allege he suffered harassment that was "sufficiently severe or pervasive to alter the terms and conditions of his employment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). Moreover, Rucker asserts a claim for "WRONGFUL TERMINATION (GEORGIA LAW)," but he fails to identify any contract that could give rise to such a claim. ECF 1 at 8; *see Fink v. Dodd*, 286 Ga. App. 363, 365, 649 S.E.2d 359, 361 (2007) ("In Georgia, wrongful termination 'is a tortious act growing out of the breach of the employment contract.'" (citation modified)). Finally, for several of his claims, Rucker fails to identify which defendant committed the alleged wrong. *E.g.*, ECF 1 at 7 ¶¶ 8, 13, 12.

Thus far, Rucker's allegations appear thin, and the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). It is not clear whether this deficiency is because of the manner in which the allegations have been pled, or whether they simply lack substance. However, given Rucker's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Rucker is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate

statutory or constitutional authority for bringing his claims. Rucker shall have until **November 27, 2025** to file his amended complaint.

In the "statement of claims" section of his amended complaint, Rucker must link any claims he makes to a named defendant. If Rucker fails to link a named defendant to a claim, the claim will be dismissed; if Rucker makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Rucker must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Rucker list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Rucker injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Rucker's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Rucker may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Rucker's motion to proceed IFP (ECF 5) is **GRANTED**, and Rucker is **ORDERED** to amend his complaint no later than **November 27, 2025.**

**SO ORDERED**, this 13th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
