**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| EGLESPER RUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION NO. 5:25-CV-328 (MTT) |
| | ) |
| HOWARD BELCHER, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Plaintiff Eglesper Rucker filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP"). ECF 1; 2. On November 13, 2025, the Court granted Rucker's motion to proceed IFP and found his complaint deficient pursuant to 28 U.S.C. § 1915(e). ECF 7. Rucker was thus ordered to recast his complaint, and he filed an amended complaint on December 11, 2025. ECF 7; 13. Because Rucker is proceeding IFP, the Court must screen and dismiss his amended complaint: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

## I. DISCUSSION

Rucker filed this action against his former employer, Lumen Technologies d/b/a Level 3 ("Lumen Technologies").[1] ECF 13 at 1. Rucker asserts five claims: (1) time shaving under the Fair Labor Standards Act ("FLSA"); (2) Family and Medical Leave Act ("FMLA") interference; (3) hostile work environment under Title VII and 42 U.S.C. § 1981; (4) retaliation under Title VII and 42 U.S.C. § 1981; and (5) race discrimination. *Id.* ¶¶ 3-45.

### A. Fair Labor Standards Act

First, Rucker asserts a time-shaving claim under the FLSA. ECF 13 ¶¶ 5-6, 45, 46(e). "The [FLSA] requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). To state a claim for unpaid minimum wages or unpaid overtime wages under the FLSA, Rucker must allege (1) that he was employed by the defendant; (2) that either the defendant or Rucker himself engaged in interstate commerce; and (3) that the defendant failed to compensate him for minimum or overtime wages. *Freeman v. Key Largo Volunteer Fire and Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)).

Here, Rucker alleges that from February 2023 through July, 2024, management "reduced, altered, or deleted" his work hours without justification. ECF 13 ¶ 5. Rucker further alleges that such reductions "were not applied to similarly situated non-Black

---

[1] In his original complaint, Rucker also named four Lumen Technologies employees as defendants: Howard Belcher, Larry "Dee" Smith, William "Bill" Hoots, and Cathy Hayes. ECF 1 at 2. While Rucker's amended complaint alleges that each of those individuals acted improperly, he names only Lumen Technologies as a defendant. The Clerk of Court is, thus, **DIRECTED** to **TERMINATE** defendants Belcher, Smith, Hoots, and Hayes.

coworkers, who were paid for their full logged hours." *Id.* ¶ 6. As a result, Rucker alleges he "has suffered damages including unpaid straight-time wages, [and] unpaid overtime compensation." *Id.* ¶ 45. Rucker's allegations, while thin, are arguably sufficient to state a claim for a violation under the FLSA.

Accordingly, Rucker's FLSA claim shall proceed for further factual development.

**B. Family and Medical Leave Act**

Next, Rucker asserts a claim for FMLA interference. ECF 13 ¶¶ 12-13. "To succeed under an FMLA interference claim, the plaintiff must show only that he was 'denied a benefit to which [he] was entitled under the FMLA.'" *McAlpin v. Sneads*, 61 F.4th 916, 933-34 (11th Cir. 2023) (quoting *Schaff v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1241 (11th Cir. 2010)). "To show that he was entitled to an FMLA benefit, an eligible employee must demonstrate that he sought leave for a qualifying reason and provided the employer with notice meeting certain timing and content criteria." *James v. FedEx Freight, Inc.*, 2025 WL 3121784, at *4 (11th Cir. Nov. 7, 2025).

Here, Rucker alleges he "requested or attempted to exercise FMLA rights in connection with serious health or family-related needs." ECF 13 ¶ 12. Rucker also alleges that "[m]anagement interfered with Plaintiff's FMLA rights by failing to provide required notices and information, delaying responses, and treating Plaintiff's FMLA eligibility as a burden and inconvenience, in violation of the FMLA." *Id.* ¶ 13. Rucker's allegations are largely conclusory and lack important details. For instance, Rucker fails to allege any serious health or family-related need that would entitle him to FMLA benefits. Moreover, Rucker does not allege that he was denied an FMLA benefit or otherwise suffered harm as a result of the alleged lack of notice and delayed

responses.[2] *See Ramji v. Hospital Housekeeping Systems, LLC*, 992 F.3d 1233, 1241-42 (11th Cir. 2021) ("[T]he employee must … demonstrate some harm from the alleged interference, and that harm must be remediable by either damages or equitable relief." (citation modified)). Thus, Rucker has not stated a claim for FMLA interference.

Accordingly, Rucker's FMLA interference claim is **DISMISSED without prejudice.**

**C. Hostile Work Environment**

Rucker also asserts a hostile work environment claim under both Title VII and 42 U.S.C. § 1981. ECF 13 ¶¶ 22-25. To state a claim for hostile work environment under Title VII and § 1981, Rucker must allege sufficient facts showing that: (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) there is a basis for holding the employer liable.[3] *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248-49 (11th Cir. 2014). "[T]o be actionable, the harassment must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Bryant v. Jones,* 575 F.3d 1281, 1297 (11th Cir. 2009) (internal quotation marks and citation omitted).

Rucker alleges that, unlike his similarly situated non-black colleagues, his managers repeatedly shaved or deleted his work hours, excluded Rucker from essential

---

[2] Rucker alleges generally that he suffered lost wages, but he does not allege how his lost wages are connected to his FMLA interference claim. ECF 13 ¶ 34.

[3] Hostile work environment claims under Title VII and § 1981 are analyzed under the same framework. *Bryant v. Jones*, 575 F.3d 1281,1296 n.20 (11th Cir. 2009).

training, and provided outdated and incomplete work instructions and procedures. ECF 13 ¶¶ 5-8; 22-23. According to Rucker, his managers' conduct was severe, and it created a hostile, abusive, and offensive environment. *Id.* ¶¶ 23-24. Construed liberally, and drawing all reasonable inferences in Rucker's favor, Rucker has arguably stated a claim for hostile work environment.

Accordingly, Rucker's hostile work environment claim under Title VII and § 1981 shall proceed for further development.

**D. Retaliation**

Next, Rucker asserts a retaliation claim under Title VII, § 1981, and the FMLA. ECF 13 at 6. Specifically, Rucker alleges that he was terminated "because of race and in retaliation for protected complaints and FMLA-related activity." *Id.* ¶ 36. To establish a prima facie case of retaliation, Rucker must demonstrate "that [he] engaged in statutorily protected conduct; that [he] suffered an adverse employment action; and that a causal relation exists between the two events." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (11th Cir. 2023).[4] While Rucker is not required to plead the elements of a prima facie case specifically, he must allege facts that plausibly suggest intentional discrimination. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Again, Rucker alleges that on August 5, 2024, he met with defendants Belcher and Hayes "concerning [Rucker's] reports of racial discrimination and time shaving." ECF 13 ¶ 14. According to Rucker, "[i]nstead of investigating the reported misconduct, Belcher and Hayes ignored or minimized Plaintiff's complaints and fabricated false

---

[4] "When a plaintiff asserts a claim of retaliation under the FMLA, in the absence of direct evidence of the employer's intent, we apply the same burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, … for evaluating Title VII discrimination claims." *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 293 F.3d 1199, 1207 (11th Cir. 2001) (internal citation omitted).

reasons to terminate Plaintiff's employment." *Id.* ¶ 15. At this stage, Rucker's allegations are sufficient to state a claim for retaliation under Title VII and § 1981. However, Rucker's conclusory allegation that he was terminated "because of … FMLA-related activity" is not sufficient to state a claim for FMLA retaliation. *Id.* ¶ 36.

Accordingly, Rucker's claim for retaliation under Title VII and § 1981 will proceed for further development. However, any claim for FMLA retaliation is **DISMISSED without prejudice**.

### E. Race Discrimination

Finally, Rucker also raises a claim of race discrimination under Title VII and/or § 1981. ECF 13 ¶ 36. To establish a prima facie case of employment discrimination, Rucker must demonstrate

> (1) he is a member of a protected class, (2) he was qualified for the position, (3) he experienced an adverse employment action, and (4) he was replaced by someone outside of his protected class or received less favorable treatment than a similarly situated person outside of his protected class.

*Smith v. Mobile Shipbuilding & Repair, Inc.*, 663 F. App'x 793, 799 (11th Cir. 2016) (citing *Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F.3d 1327, 1336 (11th Cir. 2015)). Again, while Rucker is not required to plead a prima facie case of employment discrimination, he must allege facts that plausibly suggest intentional discrimination. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

Related to his termination, Rucker alleges only that he "was terminated because of race." ECF 13 ¶ 36. That allegation is wholly conclusory and insufficient to state a claim. But Rucker also alleges that, unlike "similarly situated non-black employees," his time was shaved and he was not provided access to up-to-date project and network management training. ECF 13 ¶¶ 6-8. It is questionable whether the alleged less-

advanced training constitutes an adverse action sufficient to state a Title VII discrimination claim. *See Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354–55 (2024) ("To make out a Title VII discrimination claim, a transferee must show some harm respecting an identifiable term or condition of employment."). However, Rucker's assertion that his time was shaved, causing unpaid wages for completed straight-time and overtime hours, plausibly alleges an "economic or tangible" harm to a condition of Rucker's employment. *Id.* at 354; *see Crawford v. Carroll*, 529 F.3d 961, 972 (11th Cir. 2008) (explaining that the loss of a pay raise "clearly affects an employee's compensation and thus constitutes an adverse employment action under Title VII"). Thus, for screening purposes, the Court finds that Rucker has sufficiently pled a Title VII and/or § 1981 race discrimination claim arising from alleged time-shaving and unequal access to project and networking management training.

Accordingly, Rucker's race discrimination claim based on his termination is **DISMISSED without prejudice**. However, Rucker's race discrimination claim related to time-shaving and unequal training access shall proceed for further development.

## II. CONCLUSION

The following of Rucker's claims against Lumen Technologies will proceed for further development: (1) violation of the FLSA; (2) hostile work environment under Title VII and § 1981; (3) retaliation under Title VII and § 1981; and (4) race discrimination under Title VII related to time shaving and unequal access to project and networking management training. Rucker's remaining claims against Lumen Technologies are **DISMISSED without prejudice.** Accordingly, it is **ORDERED** that service be made on Lumen Technologies d/b/a/ Level 3 by the United States Marshal Service. Finally, the

Clerk of Court is **DIRECTED** to terminate Howard Belcher, Larry Dee Smith, Jr., William Bill Hoots, and Cathy Hayes as defendants in this action.

Rucker is advised that he must serve upon opposing counsel (or Lumen Technologies, if it is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Rucker shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to Lumen Technologies or its counsel. The Clerk of Court will not serve or forward to Lumen Technologies copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Rucker is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Rucker is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 20th day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-8-